IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

L&A DESIGNS, LLC, an Oregon
company, and WESLEY ALFORD, an
individual,

                Plaintiffs,

   v.

XTREME ATVS, INC., a Connecticut
corporation, and ANDREW R. CLUNAN,
an individual,

                Defendants.

No. 03:10-CV-627-HZ

OPINION & ORDER

Kurt M. Rylander
Mark E. Beatty
Rylander & Associates, PC
406 West 12th Street
Vancouver, WA 98660

1 - OPINION & ORDER

    Attorneys for Plaintiff

Kenneth R. Davis , II
Parna A. Mehrbani
Lane Powell P.C.
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiffs move for leave to file an amended complaint to add Natalie Clunan as a party defendant. I grant the motion.

## BACKGROUND

    Plaintiff L&A Designs, LLC markets, distributes, and sells all terrain vehicle ("ATV") parts. Compl. ¶5. Plaintiff Wesley Alford owns 100% of L&A Designs. Id. Defendant Xtreme ATVs, Inc. also sells ATV parts and is controlled by defendant Andrew Clunan. Answer, ¶¶ 6, 15. Plaintiffs allege trademark infringement and dilution, unfair competition, and unfair trade practices regarding use of the trademark "L&A Designs". Compl. ¶¶49-101. Plaintiffs' claims are partially based on allegations that several of defendants' websites unlawfully use the L&A Designs trademark. Id. at ¶¶15, 21, 22.

    On April 13, 2011, defendants amended their answers to plaintiffs' first interrogatories. Decl. of Mark Beatty in Supp. of Mot. for Leave to File Am. Compl. ("Beatty Decl.") Ex. B. Plaintiffs learned for the first time that Natalie Clunan designed and continues to maintain defendants' websites that allegedly infringe on plaintiffs' trademark. Id. at Am. Resp. to Interrogatory No. 5. On August 16th, plaintiffs notified defendants that they intended to add Natalie Clunan, defendant Andrew Clunan's wife, as a party defendant. Pls.' Memo. in Supp. of

Mot. for Leave to File Am. Compl. ("Pls.' Mot. to Amend"), 4. Lead counsel for defendants was on sabbatical leave[1], but co-counsel for defendants responded that they would not consent to the amendment. Id. Plaintiffs filed the present motion on October 13th. Dkt. #32.

Discovery will close in this case on December 8th. May 6, 2011 Scheduling Order ("5/6/11 Order"), Dkt. #27. However, plaintiffs have already deposed Natalie Clunan. Pls.' Reply in Supp. of Mot. for Leave to File Am. Compl. ("Pls.' Reply"), 2. Dispositive motions have yet to be filed, as they are due next year by January 6th. 5/6/11 Order, Dkt. #27. Trial has been set for May 1, 2012. Id. The only other pending motion is plaintiffs' motion to compel documents, which was filed on November 9th. Dkt. #41. Defendants have obtained an extension of time to respond to the motion to compel by November 30th. Dkt. #48.

STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court should apply the rule's "policy of favoring amendments with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The district court may deny leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Prejudice to the opposing party is given greater weight in the analysis.

---

[1] Lead counsel Kenneth Davis notified the court that he would be on sabbatical from the first week of June until the last week of August. Dkt. #20. Although it now appears that Davis started his sabbatical in July. Defs.' Memo. in Resp. Mot. for Leave to File Am. Compl. ("Defs.' Resp."), 3, n.1.

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Delay, by itself, will not justify denying leave to amend. DCD Programs, 833 F.2d at 186. The timing of the motion to amend following discovery and with a pending summary judgment motion, weighs heavily against allowing leave. Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991).

## DISCUSSION

Plaintiffs argue that none of the factors prevent this Court from granting leave to amend the complaint to name Natalie Clunan as a party defendant. In particular, plaintiffs argue that there is no prejudice to defendants. Pls.' Mot. to Amend, 7. First, Natalie Clunan was on notice August 16th, and potentially last April, when defendants amended their answers to the interrogatories. Id. Further, adding Ms. Clunan as a defendant will only mean that she may be held jointly and severally for damages. Id. at 8. More importantly, there will not be any new legal theories of recovery. Id. Plaintiffs also contend that there is no undue delay in moving to amend the complaint. Id. They discovered Ms. Clunan's role in April, notified the defendants in August, and filed the motion in October. Defendants disagree that there is no prejudice. Defs.' Resp., 3. The only prejudice that defendants raise is a delay in litigation. Id. Defendants also note that the deadline for joining all parties was November 1, 2010.

Defendants have not raised any prejudice that would justify denying the motion. As previously noted, delay alone is not a sufficient reason to deny leave to amend the complaint. Although defendant is correct that the deadline to join all parties has passed, defendant did not reveal Ms. Clunan's role in creating and maintaining the allegedly infringing websites until this past April–five months after the deadline had passed. Plaintiffs cannot be blamed for missing a

deadline that depended on accurate information from defendants.

Defendants also point out the futility of adding Ms. Clunan as a party defendant, asserting that there is no personal jurisdiction over Ms. Clunan, and that any claim against Ms. Clunan has already been brought against her husband. Defs.' Resp., 4. Plaintiffs have taken Ms. Clunan's deposition in which she indicated that she has processed numerous orders on behalf of Xtreme ATVs to customers in Oregon. Decl. of Mark Beatty in Supp. Reply ("Second Beatty Decl.") Exs. F, I. Ms. Clunan has also operated two separate online businesses, AFXHelmets.com and ETONparts.com, that also may have generated sales to Oregon customers. Id. It is possible that Ms. Clunan may be subject to the jurisdiction of this Court given these facts.

## CONCLUSION

Based on the foregoing, I grant plaintiffs' motion for leave to file an amended complaint (#32) to add Natalie Clunan as a party defendant. Plaintiffs shall file an amended complaint within five days of this order.

IT IS SO ORDERED.

Dated this   28th   day of November, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER